Justice NIGRO,
concurring.
I concur with the Majority Opinion as I agree that D. and C. did not achieve in loco parentis status and therefore lack standing to contest the natural father’s custody petition. I write separately mere *1230 ly to clarify how they fell short of the mark to achieve such status.
We granted allocatur in this case on the limited issue as to whether third parties can attain in loco parentis status in custody proceedings when one parent contests the third party’s adoption of his child.
It is well settled that
[t]he phrase “in loco parentis” refers to a person who puts himself in the situation of assuming the obligations incident to the parental relationship without going through the formality of a legal adoption. The status of “in loco paren-tis” embodies two ideas: first, the assumption of a parental status, and, second, the discharge of parental duties.
Gradwell v. Strausser, 416 Pa.Super. 118, 125, 610 A.2d 999, 1003 (1992) (quoting Commonwealth ex rel. Morgan v. Smith, 429 Pa. 561, 565, 241 A.2d 531, 533 (1968)). Thus, the third party seeking to establish in loco parentis status must both assume parental status and discharge parental duties. A third party, however, cannot unilaterally assume parental status where the natural parents defy such intervention.
Here, the natural mother defied the express wishes of the natural father by giving custody of the baby and consent to place her for adoption to Genesis, an adoption agency. Genesis, in turn, matched the baby to prospective adoptive parents D. and C. and gave immediate physical custody to them. Without the natural father’s consent, I find that neither Genesis nor D. and C. had the proper authority to assume the role of parent. The stakes are simply too high and the rights of the non-consenting parent too substantial to allow one parent to confer in loco parentis status on a third party. D. and C. therefore, fail to meet the first prong of in loco parentis status, since they assumed the role of parent in defiance of the natural father.
Since D. and C. gained physical custody of M based on the adoption consent form signed only by the baby’s mother and in direct defiance of the baby’s father they did not validly assume parental status and they therefore did not have standing to contest the natural father’s petition for custody.[1]
Justice SAYLOR joins in the Concurring Opinion.

. While I favor in loco parentis status for foster parents to aid the court in determining the best interests of the child, see In the Interest of G.C., 735 A.2d 1226 (Pa.1999) (Nigro, J., Opinion in Support of Reversal), it is in large part because the placement with the foster parents results from a legal determination that the natural parents are unable to provide for the child's welfare. When M. was placed with D. and C., there was no such determination made.